# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

WHITE, et al.,

          Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

          Defendants.

Civil Case No. 06-4895 (FSH)

**OPINION and ORDER**

Date: October 12, 2007

## HOCHBERG, District Judge

This matter having come before the Court on Defendants Charline White and Lavette Joyner's ("Defendants") Motion for Summary Judgment, and the Court having considered the arguments of the parties on the papers pursuant to Federal Rule of Civil Procedure 78 and for good cause shown; and

it appearing that, pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); and

it appearing that "summary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving

party." Miller v. Indiana Hosp., 843 F.2d 139, 143 (3d Cir. 1988); and

it appearing that the "limitation on lawsuit" threshold of New Jersey's Automobile Insurance Cost Reduction Act ("AICRA"), bars recovery in lawsuits for non-economic damages "unless the plaintiff suffers an injury that results in 1) death; 2) dismemberment; 3) significant disfigurement or significant scarring; 4) displaced fractures; 5) loss of a fetus; or 6) a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement." DiProspero v. Penn, 874 A.2d. 1039, 1046 (2005) (citing N.J.S.A. 39:6A-8(a)); and

it appearing that "[a]n injury shall be considered permanent when the body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment." N.J.S.A. 39:6A-8(a); and

it appearing that AICRA also requires that "the plaintiff shall, within 60 days following the date of the answer to the complaint by the defendant, provide the defendant with a certification from the licensed treating physician or a board-certified licensed physician to whom the plaintiff was referred by the treating physician. The certification shall state, under penalty of perjury, that the plaintiff has sustained an injury described above." Id.; and

it appearing that the certification must be "based on and refer to objective clinical evidence," N.J.S.A. 39:6A-8(a), and that "[t]he physician must 'identif[y] the objective medical evidence to support the diagnosis of permanency.'" Martin v. Donio, 2007 WL 1062295, *4 (N.J. Super. App. Div. Apr. 11, 2007); and

it appearing that "Plaintiff must not only allege injuries that are permanent...but must also establish a causal nexus between the accident and the injuries." Branca v. Matthews,

317 F. Supp. 2d 533, 541 (D.N.J. 2004); and

it appearing that "[a] physician's certification of permanency does not in and of itself defeat a motion for summary judgment. In order to meet the threshold, a plaintiff must prove by objective, credible evidence that she/he has a permanent injury. The finding must be based upon something more than subjective complaint of pain or conclusive assertions which merely parrot the statutory language." Morel v. Patel, 2007 WL 2693869, *2 -3 (N.J. Super. App. Div. Sept. 17, 2007) (citing Oswin v. Shaw, 609 A.2d 415, 429-30 (N.J. 1992); Rios v. Szivos, 354 N.J. Super. 578, 580 (App. Div. 2002)); and

it appearing that Plaintiff Vanessa Davis has submitted a physicians certification in accordance with the requirements of N.J.S.A. 39:6A-8(a), in which Charles E. Mascenik, a licensed Chiropractic Physician in New Jersey[1] concluded that "[his] patient has sustained permanent injury that will have permanent residual sequelae", and that "the permanent residuals of the injury cannot be completely resolved by way of further chiropractic and/or medical intervention, and there will always be some aspect of residual permanent injury experienced for the balance of [his] patient's lifetime." See Plaintiff's Brief in Opposition to Motion for Summary Judgment Ex. A; and

it appearing that Dr. Mascenik's conclusions were based on "objective evidence" as required by statute, because, as described in the certification, Dr. Mascenik used range of motion tests, orthopedic tests, and two MRIs, and diagnosed Cervical Disc Bulge, Lumbar Disc

---

[1] New Jersey Courts routinely accept certifications of permanency from chiropractors. See e.g., Olarte v. Crocker, 881 A.2d 776, 783 (N.J. Super. Ct. Law. Div. 2002) ("Accordingly, this court concludes that chiropractors are to be considered physicians qualified to author certifications of permanency as required by N.J.S.A. 39:6A-8(a)."); see also Wheeler v. Crawford, 2007 WL 1542013, *1 (N.J. Super. App. Div. May 30, 2007).

Bulge, muscle spasm, and various other maladies.  See id.; and

it appearing that Dr. Mascenik's certification states that Plaintiff Davis's injuries "were causally related" to the automobile accident that forms the basis of this suit.  See id.; and

it appearing that the certification submitted by Plaintiff Shamika White, who was also under the care of Dr. Mascenik, contains sufficient ambiguity regarding the requirements of N.J.S.A. 39:6A-8(a) that the issue is not presently appropriate for resolution on a motion for summary judgment;

**IT IS** on this 12th day of October, 2007

**ORDERED** that Defendants' Motion for Summary Judgment with regard to Plaintiff Vanessa Davis is **DENIED**, because Plaintiff White has met the requirements to survive AIRCA's "limitation on lawsuit" threshold thereby giving rise to issues of material fact that are unsuitable for resolution in a motion for summary judgment; and it is further

**ORDERED** that Defendants' Motion for Summary Judgment with regard to Plaintiff Shamika White is **DENIED**, because neither the briefs nor the parties' statements of undisputed facts under Local Civil Rule 56.1 provide this Court with sufficient information to decide this issue on summary judgment; and it is further

**ORDERED** that the parties shall participate in mediation pursuant to Local Civil Rule 301.1.  A separate order regarding mediation will be entered.  If the mediation is not successful, then the parties shall proceed to arbitration pursuant to Local Civil Rule 201.1

/s/ Faith S. Hochberg
HON. FAITH S. HOCHBERG, U.S.D.J.